For the reasons assigned, the judgment appealed from is affirmed.

## On Application for Rehearing.

PER CURIAM.

[3] Plaintiffs' application for a rehearing is devoted, in the main, to a discussion of the effect of our opinion and decree. Plaintiffs are fearful that the decree may constitute res judicata of their claims against Lewis D. Prescott, growing out of the succession of their mother, Mrs. Lucy O. Prescott.

We think plaintiffs are unnecessarily alarmed. The opinion, in our view, clearly shows that the only question disposed of herein is the right of the plaintiffs to be declared the owners of the property and the proceeds thereof originally purchased by Lewis D. Prescott in his own name and for his own account. We do not intend to hold, and do not hold, that plaintiffs are debarred under proper pleadings from demanding the setting aside of the settlement between Lewis D. Prescott and his mother, the partition of the property of her succession, including, necessarily, the mortgage notes representing part of the purchase price of the sale of the property standing in her name, the annulment of the pledge to Prescott, and for an accounting and collation of all money and property whatsoever due by Prescott to the succession of his mother, Mrs. Lucy O. Prescott. Our intention was to reserve to plaintiffs all their rights in these respects, and we think our intention was fully embodied in the decree, wherein is expressly reserved plaintiffs' right to sue for a partition of the property belonging to the succession of their mother, necessarily involving their right to demand an accounting and collation of any money or property due by Lewis D. Prescott to the succession of his mother, Mrs. Lucy

O. Prescott. At any rate, we now declare that such is the intention and effect of our decree. With this explanation and declaration, the application for a rehearing herein is denied.

(127 So. 614)

## LYNCH v. PETERS.

No. 30262.

March 5, 1930.

On Application for Rehearing, March 31, 1930.

Woodville & Woodville, of New Orleans, for appellant.

Legier, McEnerny & Waguespack, of New Orleans, for appellee.

LAND, J.

The board of commissioners of the Port of New Orleans let a contract to defendant, Henry Peters, to remove the débris at the Industrial Canal, resulting from a fire at the United States Army Base on the river front, which damaged 1,200 feet of the wharf.

The work to be done by defendant consisted of "shore work," or the tearing up and the demolishing of the concrete flooring, pillars, and foundations, and the removal of the débris by a derrick boat.

Plaintiff alleges that he accepted employment under the defendant in the carrying out of this contract, and that he was to receive, as compensation for his supervising the work, $75 per week, and, in addition thereto, 30 per cent. of all the profits realized by defendant from the entire contract.

Plaintiff sues for the sum of $6,114.19, or approximately 30 per cent. of the net profits of $20,380.80, alleged to have been received by defendant in the execution of the contract, less a credit of $500.

Defendant admits that he employed plaintiff at $75 per week to act as foreman on the "inside work" or "shore work," and in the hiring of labor for the work of cutting the piles and concrete, and preparing the débris to be removed. He denies that plaintiff's duties were connected in any way with the work to be performed by defendant's derrick boat Pelican, and alleges that plaintiff had no superintendence over the employees of defendant on the derrick boat.

Defendant denies that he agreed to pay plaintiff 30 per cent. of the net profits resulting from the entire contract, but defendant admits that he estimated at $10,000 the cost of labor on the "inside work," or "shore work," and agreed to pay plaintiff 30 per cent. of the difference between the actual cost of the

labor and the estimated cost of $10,000. Defendant also admits that plaintiff reduced the estimated cost of the labor from $10,000 to $7,800, and that plaintiff is entitled to 30 per cent. of the difference, $2,200, or the sum of $660, less a credit of $500, previously paid by defendant.

Judgment was rendered in the lower court for plaintiff in the sum of $550.48, subject to a credit of $500, with legal interest from January 3, 1928, until paid, and for all costs. From this judgment plaintiff has appealed.

The trial judge accepted defendant's contention as to the nature of the contract entered into by him with plaintiff.

The only question presented for decision is whether defendant agreed to pay plaintiff 30 per cent. of the profits of the entire contract, or 30 per cent. of the difference between the actual cost and the estimated cost of $10,000 for labor hired for the "shore work," which was under the supervision of plaintiff as foreman.

Defendant's contract with the Dock Board amounted to $39,420.40. Defendant paid all of the pay rolls for labor. Defendant also furnished for the work the derrick boat Pelican, owned by him and valued at $100,000. It is admitted that the Pelican was the only derrick boat in the port of New Orleans which could have performed the work, and the evidence shows defendant's ability to obtain work for his derrick boat at all times.

The evidence further shows that defendant is an experienced river front contractor, and has been engaged in that business approximately forty years; that plaintiff's duties were merely those of a foreman of a gang of laborers engaged in the "shore work"; and that plaintiff had no connection with the work of the derrick boat in removing the débris,

and no superintendence over the employees of defendant on the derrick boat.

At the time plaintiff was employed by defendant, he was working for the Dock Board as foreman of a gang, and at a wage of $175 per month. Plaintiff had never earned at any time with the Dock Board more than $225 or $250 per month, but received under his employment with defendant $75 per week, or $300 per month, as foreman of "the shore gang," or higher wages than he had ever received before.

We are not impressed with plaintiff's contention that he was employed by defendant, who was himself an experienced river front contractor, because of plaintiff's superior knowledge of the nature and character of the work to be done under the contract, and for this reason was promised by defendant 30 per cent. of the profits of the entire contract.

It is not reasonable to suppose that defendant, under all of the circumstances of the case, would have shouldered all of the responsibilities, and would have agreed to pay plaintiff 30 per cent. of the profits of the entire contract, merely for his services as foreman of "the shore gang," in addition to $75 per week received by plaintiff.

On the other hand, it is quite reasonable that defendant should have agreed to pay plaintiff 30 per cent. of the difference between the estimated cost and the actual cost of labor hired on "the shore work." This would be, and was, a substantial saving to defendant on this particular item.

Besides, plaintiff has failed to prove the contract on which he sues with sufficient legal certainty. Plaintiff swears to an agreement with defendant of 30 per cent. of the profits of the entire contract. Defendant denies this agreement, and explains that the 30 per cent.

applied only to the saving on the cost of the labor hired for "the shore work."

Plaintiff produced two witnesses, who testified that each of them had heard defendant say that he had agreed to pay plaintiff $75 per week and a profit of 30 per cent., but neither witness was certain whether this percentage referred to the profits of the entire contract, or to the saving on the cost of the labor hired for "the shore contract."

Our conclusion is that defendant's contention as to the nature of the contract is corroborated by the facts and circumstances surrounding the case, and that the judgment appealed from is correct.

Judgment affirmed.

### On Application for Rehearing.

#### PER CURIAM.

Plaintiff, in his application for rehearing, directs our attention to a statement in the opinion that he is entitled to $660, less a credit of $500, or a judgment for $160 instead of $50.48 as awarded by the court below and affirmed by this court.

Our decree is correct. We were led into making the erroneous statement by a statement in defendant's answer to the supplemental petition apparently accepting as correct a supposed averment in the petition to the effect that the cost of the labor on the inside job was $7,800, making the difference between that figure and $10,000, the estimated cost of the labor, $2,200. There is, however, no such averment in plaintiff's petition. On the other hand, the uncontradicted testimony in the record shows that the actual cost of the labor in question was $8,165.95. The difference between this figure and the $10,000 of estimated cost is $1,834.95, on which plaintiff is entitled to recover 30 per cent., or, say, $550.48. Since plaintiff had previously received $500 from

defendant, the net amount due him is the difference between $550.48 and $500, or $50.48, which is the amount awarded him by the court below and affirmed by this court.

In all other respects, plaintiff's application presents nothing new for consideration.

The application is therefore denied.